D. Michael Eakin
Eakin & Berry, PLLC
208 N. 29th St, Suite 204
P.O. Box 2218
Billings, Montana 59103
Phone: (406) 969-6001 Fax:
(406) 969-6007
eakin.406law@gmail.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **JAMES HALVERSON as Personal Representative of the fee estate of JACK HALVERSON,**<br><br>　　**Plaintiff,**<br><br>　vs.<br><br>**DEBRA ANNE HAALAND, Secretary of the Interior,**<br>　　　**Defendant.** | **COMPLAINT FOR WRIT OF MANDAMUS** |

TYPE OF ACTION

　　1.　　This is an action for a Writ of Mandamus to compel the Secretary of the Interior to issue partition deeds pursuant to a Verified Settlement Agreement entered into by the Bureau of Indian Affairs (BIA) Regional Director on Dec. 21, 2021, with the approval of legal counsel. Specifically, that Agreement was filed with

1

the Interior Board of Indian Appeals (IBIA) to conclude an administrative appeal, and expressly provides:

> The Regional Director and BIA through its authorized representative declare that as a matter of law and fact the application of Jack J. Halverson for partition of Allotment 1809 is proper and is approved and granted, and all documents to complete the partition are being filed and will be recorded by the dates stated below.
>
> * * *
>
> By agreement of the parties, the following shall be done by the following dates:
> a. All documents needed to complete the partition and conveyances of title shall be delivered by the Regional Director to counsel for the Estate of Jack J. Halverson for review and approval by January 15, 2022;
>
> b. On or before January 17, 2022, all documents necessary to complete partition and convey title for the majority interest in Allotment 1809 to the Estate of Jack Halverson, shall be recorded by the Agency and conformed copies shall be provided by e-mail to counsel for the Estate;
>
> c. On or before January 20, 2022, all documents necessary to convey and/or distribute title from the Estate of Jack J. Halverson to his heir shall be completed and recorded by the agency, and conformed copies shall be provided by e-mail to counsel for the Estate;
>
> * * *
>
> The parties will submit a final Notice of Settlement to the Court on or before January 21, 2022. If more time is needed, the parties will file a joint motion for an extension of time to complete the settlement and provide a status report to the Court of expected completion of the settlement.

*See, Verified Settlement Agreement,* Exhibit. 1.

2. Partition was to be done pursuant to the controlling, BIA-mandated Certificate of Survey 3637 which was done with its input, guidance and ultimate approval. The Survey was done in 2016 by a federally approved surveyor, was authorized and approved by Montana state officials and the BIA, was recorded in the Montana Cadastral system as COS 3637 and was recorded in the federal system as BIA Certificate of Survey 202-43614 ("COS 3637"). Exhibit 2: COS 3637; Exhibit. 3: Title Report 202-43614.

3. COS 3637 separated Jack Halverson's 86.42% interest in Allotment 1809, specified the legal description of his corresponding 690.54-acre parcel, and established the boundaries for Jack's property and the remainder parcel.

4. BIA has failed to convey sole, exclusive ownership of Jack's 690.54-acre parcel to his Estate.

5. BIA's failure is in violation of law, including BIA's Verified Settlement Agreement, and is without justification.

6. Jack's constitutional property rights are being infringed by such failures including the failure to convey his full 690.54 acres to his estate alone. A Writ of Mandamus is fully warranted and should be granted.

PARTIES

7. Plaintiff James Halverson is the personal representative of the estate of Jack Halverson, Plaintiff's father. Jack Halverson was an enrolled Crow Tribal

Member (202-U006996). Exhibit. 4. He was born and lived his life (except for time in military service) on the Crow Reservation in Yellowstone County, Montana.

8. The estate of Jack Halverson holds an undivided majority (86.42%) trust interest in Allotment 1809 of the Crow Reservation. Exhibits 1, 2.

9. Debra Anne Haaland is the Secretary of the Department of Interior (DOI) and is named in her official capacity. In that capacity she has the power and duty to issue or direct the issuance of partition deeds to Indian trust land.

## JURSDICTION and VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1361. In addition, jurisdiction is also conferred by §§ 1331, 1346, 1347, and 1353. Venue is proper in this division of this Court because Allotment 1809 lies within Yellowstone County, Montana.

## FACTS

11. During his lifetime, Jack Halverson was an enrolled member of the Crow Tribe. His mother, Dahlia Halverson, was an original allottee to trust land adjacent to Allotment 1809. Allotment 1809 contains a total of 799.06 acres.

12. Over the years, trust holders who owned interests in Allotment 1809 and knew Jack, and knew he ranched in the area, approached him to buy their interests in Allotment 1809.

13. Consistent with federal policy of encouraging consolidation of land interests and avoiding fractionalization, Jack purchased multiple fractional interests in Allotment 1809, eventually acquiring a total of 70/81or 86.42% of Allotment 1809. Exhibit. 3.

14. BIA knew about, oversaw, and approved all of Jack's purchases of fractional interests in Allotment 1809. Today, Allotment 1809 has three trust holders: Jack Halverson, the Crow Tribe, and the Estate of Walking Bear.

15. Jack Halverson died on September 12, 2019. His interests have been represented by James Halverson, the personal representative of Jack's estate.

16. DOI/BIA has the Constitutional duty to honor Jack's property rights under Art. V of the United States Constitution.

17. DOI/BIA has a fiduciary responsibility to its trust holders including Jack J. Halverson and now his Estate, which consists of the "highest moral obligations that the United States must meet to ensure the protection of tribal and individual Indian Land…" *Seminole Nation v. United States*, 316 U.S. 280 (1942). It is undisputed that Jack and now his Estate, and the minority trust holders as well, are entitled to DOI/BIA honoring both Art. V Constitutional property rights and BIA's highest moral obligations to protect all trust holders.

18. In 2015, Jack filed with BIA a formal Petition for Partition of Allotment 1809. This request was made pursuant to 25 U.S.C. §378.

19.  BIA shepherded Jack through the partition process. BIA provided the forms and mandated all steps in the process. Jack complied with all BIA requests to partition.

20.  BIA mandated that Jack arrange and pay for a federally-approved surveyor's 2016 Certificate of Survey (Exhibit. 2). This COS was done with the input and fiduciary guidance of BIA toward its trust holders.

21.  The COS established the legal descriptions and boundaries after partition/separation of Jack's 86.42%, to ensure that he received the exact acreage corresponding to BIA Title Records. The west parcel (Jack's acreage) contains 690.54 acres or 86.42% of Allotment 1809. The east parcel contains the 108.52-acre balance of Allotment 1809.

22.  At all times, BIA has accepted all aspects of its mandated COS 3637.

   a. BIA authorized the COS be recorded in the Montana Cadastral as Yellowstone County Certificate of Survey 3637 and recorded it in federal land ownership records as BIA Certificate of Survey 202-43614.

   b. BIA has explicitly and repeatedly stated that "Certificate of Survey #3637, BIA document No. 202 43614, **controls** the partition of [Jack Halverson's] majority interest;" as recently as Feb. 22, 2022. Exhibit. 5, BIA Response in IBIA Appeal, p. 4. [Emphasis supplied.]

23.  After completion of the COS and all other steps required by BIA, BIA repeatedly and for improper reasons denied Jack's petition for partition.

24.  After Jack had done everything requested by BIA for partition,

including COS 3637, BIA declared that Jack could not partition because he had purchased his 86.42% interest from other trust holders. BIA repeatedly refused to produce authority on the subject including that which allegedly would support its denials. [1]

25.    At all times, unbeknownst to Plaintiff until September, 2021, BIA was bound to grant Jack's partition, in accordance with a 1981 U.S. Solicitor's Directive which mandated that partition be granted for allotments acquired by purchase. Exhibit. 6. The 1981 Directive arose from a partition request on the Crow Reservation in Yellowstone County.

26.    Such 1981 Directive has been in BIA's own files throughout this entire partition process.

27.    Instead of promptly granting Jack's partition once the 2016 COS was completed establishing a separate legal description and boundary for Jack's 690.54 acres, BIA concealed the existence of the 1981 Directive.

28.    BIA's reliance and justifications for denial, were contrary to fact and controlling law.

29.    BIA failed to disclose the 1981 Directive or produce it to Plaintiff, at any time until Jack was compelled to appeal BIA's June 4, 2021 denial to the Interior

---

[1] BIA's refusals to produce authority and documents have compelled Jack to file multiple FOIA requests to BIA. BIA has failed to properly produce documents including its own policies and procedures, all of which are fully discoverable under FOIA. BIA has not produced its "supporting" policies and procedures.

Board of Indian Appeals in Washington, D.C.  In September, 2021, BIA was required to produce its administrative record to the IBIA.

30. For the first time, Plaintiff learned of the 1981 Directive. It was part of Jack's file but had been concealed by BIA.

31. BIA has failed to ever explain to Plaintiff why it withheld the 1981 Directive, or why it chose to disregard it until it agreed to partition.

32. BIA has never provided authority to Plaintiff for denying partition.

33. When the 1981 Directive was discovered in BIA's file for Jack's partition, it became clear that BIA's six-year course of denying partition was wholly unjustified and contrary to DOI/BIA's own controlling 1981 Directive.

34. By Dec. 21, 2021, BIA's Regional Director signed under oath the Verified Settlement Agreement stating that partition is proper as a matter of fact and law, is approved and is granted. BIA verified it would provide deeds to convey Jack's property to his estate by dates specific.

BIA SIGNS UNDER OATH: PARTITION IS PROPER AS A MATTER OF FACT AND LAW, AND IS APPROVED AND GRANTED

35. On Dec. 21, 2021, BIA's Regional Director signed under oath a Verified Settlement Agreement. Exhibit. 1.

36. In the Verified Settlement Agreement BIA confirmed and agreed that partition is in the best interest of the trust holders of Allotment 1809.

37. In the Verified Settlement Agreement BIA confirmed its legal duty to convey Jack's 690.54 acres to him in full, in trust.

38. The IBIA Appeal was resolved by BIA making the binding judicial admission to the IBIA, through BIA counsel Mr. Curt Sholar, that COS 3637 controls the partition/separation of Allotment 1809, and that BIA's earlier denial should be reversed, and the case remanded to effectuate the Verified Settlement Agreement.

39. Pursuant to the Verified Agreement, BIA was to deliver drafts of the partition deeds to the estate of Jack Halverson by January 15, 2022. The estate was to have two days to review and approve those drafts. The BIA was to record the approved trust deeds partitioning the land by January 17, 2022.

## BIA CONTINUED TO STONEWALL AND FAIL TO HONOR ITS DUTIES TO ITS TRUST HOLDER

40. Without Plaintiff's knowledge or consent, on January 18, 2022, BIA recorded trust deeds allegedly attempting to partition. The deed was not provided to Jack's estate for approval as agreed in the settlement. There were errors in the trust deed including the legal description. The grantor on the deed was not the United States and the deed did not convey Jack's 690.54 acres. Those errors have not been corrected.

41. No deed prepared by BIA actually conveys from the U.S.A. to Jack

Halverson's Estate in trust, his exclusive ownership in his 690.54 acres as shown on COS 3637.

42. BIA's failure to convey full ownership of Jack's 690.54 acres to him is a taking of his property, in violation of the United States Constitution.

43. BIA's failure to honor and comply with its Verified Agreement is a violation of its legal duties and its fiduciary obligations to its trust holders.

44. BIA has disclosed no basis upon which it can legally convey less than full ownership to Jack.

45. The estate of Jack Halverson has prepared and given to BIA on March 4, 2022, corrected deeds to partition appropriately Allotment 1809 and convey Jack's property. Exhibit 7. Such deeds accomplish the following:

   a. The title holder in trust to Allotment 1809 is only the United States of America. Only the U.S.A. has authority to convey by deed Jack's property.

   b. The deed must separate the common interest property and establish Jack Halverson's sole, exclusive, and full individual ownership of 690.54 acres. *Davis v. Acting Aberdeen Area Director, BIA*, 27 IBIA 281, 285; 1995 WL 23577; *Britton v. Brown*, 300 P.3d 667, 2013 MT 30.

   c. The deed must state and incorporate the legal descriptions and boundaries shown in the controlling COS 3637, exactly as BIA has admitted to the IBIA.

46. BIA has never disputed that the above 3 criteria must be met in order for Jack to receive his 690.54 acres to which he is entitled.

47. Yet BIA has refused without explanation to execute and record correct deeds. At no time has BIA stated any objection to any aspect of Plaintiff's offered deeds. At no time has BIA or its counsel explained what reason exists that BIA will not simply execute and record the deeds provided by Plaintiff.

48. BIA and its counsel have failed to provide any authority, including any regulation or guideline, by which BIA is mandated to use the "incorrect deed" or "form" of such deed, particularly when BIA and its counsel have admitted its deeds are incorrect -- nor any basis upon which BIA is prohibited from simply executing and recording the undisputedly correct deeds provided by Plaintiff.

49. BIA has identified no task which remains before it can simply execute and record such correct deeds, completing conveyance of Jack's property and complying with BIA's Verified Settlement Agreement.

50. The deeds that are now recorded are a cloud on the title to Allotment 1809 and the Jack Halverson estate's interest in the allotment. The trust deeds recorded do not meet the terms of the Verified Settlement.

CAUSE OF ACTION

Count I -Partition

51. The Secretary of Interior has a clear legal duty to partition trust land when it is to the advantage of the heirs. 25 U.S.C. §378. The BIA and Halverson have agreed that it is in the interest of all holders of trust interests to partition the

11

land.   The Secretary has a legal duty to do so including pursuant to the Verified Settlement Agreement.

52.    DOI/BIA through its authorized Regional Director has bound BIA under oath to the Verified Agreement stating that as a matter of fact and law, partition is <u>proper and is granted</u>. BIA filed such Verified Agreement with the IBIA in order to resolve Plaintiff's Appeal. BIA's filing is a binding judicial admission.

53.    BIA mandated and agreed in judicial admissions to the IBIA to all aspects of the 2016 Survey to define the dividing line between the two parcels of a partitioned/separated Allotment 1809.  BIA recorded that survey in 2016. BIA COS 202-43614. BIA's mandated COS specifies Jack's 690.54 acres by legal description and boundary established for the 690.54 acres.

54.    DOI/BIA have the clear legal duty to convey full, exclusive ownership of the separated parcel of 690.54 acres to its rightful owner in trust, Jack Halverson's Estate.

55.    DOI/BIA has the clear legal duty to make such conveyance without further delay. BIA has inflicted upon Jack a wholly unjustified seven year delay. The Secretary's compliance with DOI/BIA's legal duty here, must be compelled on an expedited basis.

56. This Court should issue a Writ of Mandamus directing the Secretary of Interior to issue trust deeds partitioning all trust interests in Allotment 1809 in accordance with the Verified Settlement Agreement and the recorded COS.

57. This Court should issue such Writ directing the Secretary to immediately execute and file the deeds provided by Plaintiff to BIA on March 4, 2022.

## Count II – Attorney Fees

58. The position of the United States in refusing to issue and record accurate deeds to trust interests in Allotment 1809 is not substantially justified, particularly after entering a Verified Settlement Agreement and being provided proposed deeds by Halverson.

59. The seven year delay created by BIA's refusal to act in accordance with its own 1981 U.S. Solicitor's Directive, mandating partition of allotment interests acquired by purchase, was unjustified, unnecessary, and without basis in fact or law. BIA's unjustified conduct is contrary to is highest moral obligations to its fiduciary, whom BIA has compelled to undertake extensive administrative and court processes.

60. Plaintiff Halverson is entitled to recover reasonable attorney fees incurred pursuant to 28 U.S.C. § 2412(d)(1)(A).

WHEREFORE, Plaintiff prays for judgment as follows:

1.  This Court issue a Writ of Mandamus directing the Secretary of Interior to issue trust deeds partitioning Allotment 1809 in accordance with the Verified Settlement Agreement and the recorded Certificate of Survey.

2.  Plaintiff be awarded his costs and attorney fees in this action;

3.  Such other relief as the Court deems appropriate and just.

Dated this 20th day of July, 2022.

                                      EAKIN & BERRY, PLLC

                                      /s/ D. Michael Eakin