IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES HALVERSON as Personal Representative of the fee estate of JACK HALVERSON, | CV 22-76-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| DEBRA ANNE HAALAND, Secretary of the Interior, | |
| Defendant. | |

Before the Court is the Second Motion for Partial Summary Judgment filed by Plaintiff James Halverson, as personal representative for the fee estate of Jack Halverson (Doc. 48), and Defendant Debra Ann Haaland's Motion to Enter Final Judgment (Doc. 52). Also before the Court are Plaintiff's Motion to Strike (Doc. 31), Motion to Compel (Doc. 38), and Second Motion to Compel (Doc. 44), all of which the Court stayed pending the resolution of the Second Motion for Partial Summary Judgment and Motion to Enter Final Judgment (Doc. 56).

For the following reasons, the Court denies Plaintiff's summary judgment motion and grants Defendant's motion to enter final judgment. It also lifts the stay on the motion to strike and motions to compel, and denies them as moot.

## I.    Relevant Background

The facts of this case are well-documented in the record. (Docs. 40, 47). As such, the Court will only reiterate those facts necessary to resolving the instant motions.

The case concerns the ability of the estate of an enrolled member of the Crow Tribe, Jack Halverson, to partition its interest in Allotment 1809 on the Crow Indian Reservation from that of the other interest holders in Allotment 1809. It also concerns Jack's estate's ability to convey the partitioned interest to Jack's heir. The BIA holds Jack's estate's interest in trust. The partition and conveyance are governed by a Verified Settlement Agreement ("VSA") entered into by the parties in December 2021.

In its Order on Plaintiff's first summary judgment motion, the Court determined that the BIA had partitioned Jack's interest in Allotment 1809 to the extent legally possible given the limits on BIA's authority over fee land. (Doc. 47 at 12–13). Thus, even though Jack's estate still held its interest as a tenant-in-common with the feeholder—Estate of Penny Powers—the Court held that the BIA had fulfilled the terms of the VSA because it had partitioned Jack's interest from that of the other trust holders. (*Id.*). The Court also held that the BIA failed to fulfill its duty under the VSA to convey Jack's estate's interest to his heir. (*Id.* at

16).  Accordingly, the Court denied the Plaintiff's summary judgment motion as to partition and granted it as to the failure to convey.

After the Court ruled on summary judgment, Plaintiff filed a Motion to Stay Recordation of Deeds Relating to Allotment 1809.  (Doc. 62).  Plaintiff argued that the stay was warranted because of an "immediate, clear pattern and risk that BIA will prepare and record more deeds that are defective and in conflict with the merits determinations that this Court will make[.]"  (Doc. 63 at 1).  Plaintiff pointed to the allegedly erroneous deeds recorded by the BIA before the start of this litigation and following the Court's summary judgment order.  (*Id.* at 2). Defendant argued that a stay was unnecessary because the BIA had recorded correct deeds and did not plan to file any others.  (Doc. 66 at 1).

The Court held a hearing on the motion to stay on August 3, 2023.  (Doc. 70).  The parties presented argument and entered evidence.  BIA Land Titles and Records Office Manager Sandra Two Two testified.  At the end of the hearing, the Court granted the stay on the grounds that neither party would be harmed by the stay pending the resolution of the parties' other motions.  (*Id.*; Doc. 71).

//
//
//
//
//

3

## II.   Discussion

### A.   *Motion for Partial Summary Judgment*

#### 1. *Applicable Legal Standard*

Plaintiff characterizes its motion as one for partial summary judgment under

Federal Rule of Civil Procedure 56. (Docs. 48, 64). Defendant contests this

characterization, arguing that Plaintiff is actually moving for reconsideration under

Rule 60(b) because the issues the motion presents were decided by the Court on

Plaintiff's first partial summary judgment motion. (Doc. 59 at 7).

The Court agrees with Defendant. Plaintiff's complaint contains one cause

of action: partition.[1] Within the cause of action for partition, Plaintiff seeks two

rulings: (1) Defendant failed to completely partition the interest in Allotment 1809

from the other interest holders, and (2) Defendant failed to convey Jack's estate's

interest to Jack's heir. (Doc. 1 at 11–13). In its first partial summary judgment

motion, Plaintiff moved on both issues. (Doc. 14 at 2). The Court, in turn, denied

the motion as to partition and granted it as to conveyance. (Doc. 47 at 1–2, 12, 15–

16). Having disposed of these issues on the merits, the Court rendered holdings on

all the issues in the complaint; no issues remain for the Court to resolve. In effect,

judgment could have been entered as soon as the Court issued its order, yet it

---

[1] Count II of the complaint seeks attorney fees. Attorney fees are not a matter the Court resolves
prejudgment, so the Court will not consider Count II as a cause of action at this stage.

needed an express request from Defendant, for whom judgment would be entered, to do so. Defendant did not make such a request until after Plaintiff filed its second summary judgment motion.

Because Plaintiff's second summary judgment motion seeks to re-adjudicate issues the Court already has decided, it is properly construed as a motion for reconsideration. *See Richards v. County of San Bernardino*, CV 5:17-00497, 2019 WL 8226074, at *1 (C.D. Cal. Dec. 17, 2019). This conclusion is supported by the fact that Plaintiff's second summary judgment motion largely repeats the same arguments it made in its first motion. (*Compare* Doc. 50 at 1–11 with Doc. 21 at 10–11 (both discussing need for BIA deeds to conform with the Certificate of Survey); *compare* Doc. 64 at 13 with Doc. 21 at 11 (converting percent interest into acres)).[2] The only distinct arguments and evidence presented in Plaintiff's current summary judgment motion concern the alleged repudiation of Defendant's position on partition by BIA Regional Director Susan Messerly and BIA Realty Specialist Marilyn Salway in their respective depositions. (Doc. 50 at 14; Doc. 64 at 2, 6–10. *See also* Doc. 58 at 2 ("Unlike Plaintiff's Nov. 22, 2022 motion for partial summary judgment, these motions will be decided on an expanded record including the depositions of" Salway and Messerly.)).

---

[2] The Court communicated to the parties during the August 3 hearing that it already had decided the issues in the first motion for partial summary judgment and that it believed the second motion for partial summary judgment was actually a motion for reconsideration.

As to the applicable standard, the Court disagrees with Defendant that Rule 60(b) applies. Rather, Rule 59(e) applies because Plaintiff filed its motion within 28 days of the entry of the Court's order granting the first partial summary judgment motion: the Court entered its order on May 31, 2023, and Plaintiff filed its second summary judgment motion on June 5, 2023. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016) ("The district court properly construed Rishor's post-judgment motion for reconsideration, filed within twenty-eight days of entry of judgment, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).").

Under Rule 59(e), a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* The remedy is "extraordinary" and should "be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation omitted).

6

Here, Plaintiff relies on what it effectively describes as newly-discovered evidence (the Messerly and Salway depositions) in arguing that Messerly and Salway repudiated the BIA's assertion that it completely partitioned Jack's estate when they testified that the deed the BIA provided only conveyed 55 acres to Jack's estate, that the VSA required the BIA to convey Jack's estate's interest in the 690.54 acres, and that BIA has not partitioned Jack's estate's full interest to him if it conveys less than 690.54 acres. (Doc. 64 at 7-10). Such repudations justify a finding that Defendant violated the VSA, according to Plaintiff. Plaintiff does not contend that the Court committed clear error in its order on Plaintiff's first summary judgment motion or there was an intervening change in controlling law since that order. Thus, the Court will focus its analysis on whether the Messerly and Salway depositions are newly-discovered evidence that warrant reconsideration of the Court's previous order on summary judgment.

### 2. Analysis

"In the Ninth Circuit, the party seeking reconsideration based on newly-discovered evidence must show the evidence: (1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001). "Evidence is not newly discovered if it was in the party's possession at the time of

summary judgment or could have been discovered with reasonable diligence."
*Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994). "The
overwhelming weight of authority is that the failure to file documents in an
original motion or opposition does not turn the late filed documents into 'newly
discovered evidence.'" *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th
Cir. 1993). In *Richards*, the court held that depositions taken after the deadline for
plaintiff to file its response to a motion for summary judgment were considered
available to plaintiff because plaintiff could have scheduled the depositions for
before the response deadline. 2019 WL 8226074, at *2. Plaintiff's failure to take
the depositions prior to filing its response brief constituted a lack of due diligence
and led the court to conclude that the depositions were not newly-discovered
evidence. *Id.*

The Messerly and Salway depositions are not "newly-discovered" and do
not warrant reconsideration because Plaintiff did not exercise the requisite due
diligence. Like in *Richards*, the depositions were available to Plaintiff prior to
filing its first partial summary judgment motion because Plaintiff had full control
over when it filed its motion up until the Court's August 4, 2023, motions deadline.
(*See* Doc. 11). Plaintiff cannot decide to file a dispositive motion before taking the
depositions and nine months before it is required to file its motion, "then claim that
such evidence is now newly-discovered." *Id.* In other words, "Plaintiff's

scheduling decisions do not render these pieces of evidence newly-discovered."
*Id.*

Even if, for some reason, Plaintiff had to file its summary judgment motion prior to taking the depositions, Plaintiff could have moved to reopen the record or file supplementary briefing to make its repudiation argument because the Court had not yet ruled on the motion when Plaintiff took the depositions. Salway's and Messerly's depositions were taken on January 10, 2023, and February 1, 2023, respectively. The Court did not rule on the summary judgment motion until May 31, 2023. The availability of such evidence is further underscored by the fact that Plaintiff filed its motion to strike and motions to compel—all of which concerned the issues stemming from the depositions—prior to the Court's order. (Docs. 31, 38, 44).

Because Plaintiff lacked due diligence, the Court need not address whether the evidence "is of such a material and controlling nature that it demands a probable change in the outcome." *Westlands Water Dist.*, 134 F. Supp. 2d at 1131 n.45. Thus, as Plaintiff did not obtain the evidence from the Messerly and Salway depositions with due diligence, the Court denies Plaintiff's motion.

## B.   Motion to Enter Final Judgment

Defendant moves for entry of final judgment on the grounds that all outstanding issues on the merits have been resolved. (Doc. 52). Plaintiff argues

9

entry of judgment is not proper because its second motion for partial summary judgment presents new issues and evidence related to the deeds recorded by the BIA that the Court must address.  (Doc. 58).

The Court grants Defendant's Motion for Entry of Final Judgment because, as discussed, it decided all the issues raised in the Complaint on Plaintiff's first motion for partial summary judgment.  Accordingly, there are no issues left to be resolved and entry of judgment is proper.

## III.   Conclusion

For these reasons, IT IS SO ORDERED that Plaintiff's Second Motion for Partial Summary Judgment (Doc. 48) is DENIED, and Defendant's Motion to Enter Final Judgment (Doc. 52) is GRANTED.

Plaintiff's Motion to Strike (Doc. 31), Motion to Compel (Doc. 38), and Second Motion to Compel (Doc. 44) are DENIED as moot.

The Clerk of Court is directed to enter judgment and close the matter.


DATED this _30th_ day of October, 2023.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge